MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court   Eastern | District of Virginia | |
|---|---|---|
| Name *(under which you were convicted)*:<br>ALEXANDER QUINTON HORST | | Docket or Case No.: |
| Place of Confinement:<br>FCI HAZELTON | Prisoner No.:<br>85574-083 | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| v. | ALEXANDER QUINTON HORST | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court Eastern District of Virginia Norfolk Div.

   (b) Criminal docket or case number (if you know):  2:15-cr-46-003

2. (a) Date of the judgment of conviction (if you know):  09/22/2015

   (b) Date of sentencing:  09/22/2015

3. Length of sentence:  110 months and 5 years SR

4. Nature of crime (all counts):

   18 U.S.C. § 1951(a) Conspiracy to Interfere with Commerce by Means of Robbery

   18 U.S.C. § 924(c)(1)(A)(ii) and (2) Brandishing a Firearm During a Crime of Violence

5. (a) What was your plea?  (Check one)

   (1) Not guilty ☐        (2) Guilty ☒        (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have?  (Check one)        Jury ☐        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?        Yes ☐        No ☐

8. Did you appeal from the judgment of conviction?        Yes ☐        No ☒

9.   If you did appeal, answer the following:

    (a)  Name of court: _____

    (b)  Docket or case number (if you know): _____

    (c)  Result: _____

    (d)  Date of result (if you know): _____

    (e)  Citation to the case (if you know): _____

    (f)  Grounds raised:

    (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

        If "Yes," answer the following:

        (1)  Docket or case number (if you know): _____

        (2)  Result: _____

        (3)  Date of result (if you know): _____

        (4)  Citation to the case (if you know): _____

        (5)  Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

    (a)  (1)  Name of court: _____

        (2)  Docket or case number (if you know): _____

        (3)  Date of filing (if you know): _____

        (4)  Nature of the proceeding: _____

        (5)  Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:


(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☐

(2) Second petition:     Yes ☐     No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:**  Ineffective Assistance of Counsel

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please see attached memorandum.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:**   Residual Clause, t "Johnson" Claim

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Please see attached memorandum.

_____

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

_____

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

    Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

    Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

    Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: _____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐        No ☐

   (2)   If did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐        No ☐

   (2)   If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐          No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐          No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐          No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

13.  Is there any ground in this motion that you have not previously presented in some federal court?  If so, which
ground or grounds have not been presented, and state your reasons for not presenting them:

```
Both Grounds One and Two (Ineffective Assistance of Counsel and
District Court Error) because I was unaware of the appeal process
and said deadline and missed it due to my attorney not notifying
me.
```

14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the
you are challenging?          Yes ☐          No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

Catherine MacLean Six   281 Edwin Drive, Suite 100 Virginia Beach, VA 23642

(b) At the arraignment and plea:

Same

(c) At the trial:

N/A

(d) At sentencing:

Same

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?        Yes [X]        No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes [ ]        No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes [ ]        No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction became final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate and remand for resentencing. To acquit him on the third count of the indictment.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____05 - 3 - 16_____.
(month, date, year)

Executed (signed) on __05 - 3 - 16_____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

ALEXANDER QUINTON HORST,
    Petitioner,


v.
                              Civil Action No:
                              Case No: 2:15-cr-46

UNITED STATES OF AMERICA,
    Respondent.


## MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

To the Honorable Judge(s) of said Court.

COMES NOW, Alexander Quinton Horst, herein through pro se representation, hereby moves this Court for an order granting the writ, as petitioner asserts he is entitled to habeas relief, as for reasons and grounds states:


## I.
## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2255, Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## II.
## FACTUAL/PROCEDURAL BACKGROUND

On April 9, 2015, the grand jury indicted the petitioner on multiple counts. That same day an arrest warrant was issued, and on April 24, 2015 petitioner was taken into custody.

On June 18, 2015 petitioner agreed to plead guilty to counts one and three of the indictment. Count one charged petitioner with Conspiracy to Interfere with Commerce by Means of Robbery in violation of 18 U.S.C. § 1951(a). Count three charged petitioner with brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2).

On September 21, 2015 petitioner was sentenced to a total term of one-hundred-ten months (110) imprisonment (26 months on Count One, 84 months on Count Three to run consecutively) followed by five (5) years of supervised release.

## III.
## POINTS OF AUTHORITIES

Petitioner asserts that the District Court denied him due process and the effective assistance of counsel in violation of the Fifth and Sixth Amendments to the United States Cosntitution.

### FIFTH AMENDMENT FRAMEWORK

The Fifth Amendment provides that:

> "⌊N⌋o person shall be held to answer for capital or otherwise infamous crimes unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or

(2)

limb; nor shall be compelled in any criminal case to be a
witness against himself; nor be deprived of life, liberty,
or property without due process of law; nor shall private
property be taken for public use, without compensation."

## SIXTH AMENDMENT FRAMEWORK

The Sixth Amendment provides that:

"[I]n all criminal prosecutions the accused shall enjoy the
right to a speedy and public trial, by an impartial jury of
the state and district wherein the crime shall have been
committed, which district shall have been previously ascer-
tained by law; and to be informed of the nature and cause
of the accusation; to be confronted with the witnesses in
his favor, and to have the assistance of counsel for his
defense."

## PENALTIES
## 18 U.S.C. § 924

18 U.S.C. § 924 provides in relevant parts:

§ 924(c)(1)(A) states: "Except to the extent that a greater minimum
sentence is otherwise provided by this subsection or
by any other provision of law, any person who, during
and in relation to any crime of violence or drug
trafficking crime (including a crime of violence or
drug trafficking crime that provides for an enhanced
punishment if committed by the use of a deadly or
dangerous weapon or device) for which the person may
be prosecuted in a court of the United States, uses
or carries a firearm, or who, in furtherance of any
such crime, possesses a firearm, shall, in addition
to the punishment provided for such crime of violence
or drug trafficking crime--

(ii) if the firearm is brandished, be sentenced to a
term of imprisonment of not less thatn 10 years.

§ 924(c)(3)(A)&(B) states: For purposes of this subsection the term
"crime of violence" means an offense that is a felony
and:

(A) has as an element the use, attempted use, or threat-
ened use of physical force against the person or pro-
perty of another, or

(B) that by its nature, involves a substantial risk that

physical force against the person or property of another may be used in teh course of committing the offense.

## FEDERAL RULES OF CRIMINAL PROCEDURE
## PLEADINGS AND PRETRIAL MOTIONS

Rule 12(b)(3)(C) provides in relevant part:

(b) Pretrial Motions

(3) Motions that must be made before trial

The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:

(C) suppression of evidence

## FEDERAL RULES OF CRIMINAL PROCEDURE
## SENTENCING AND JUDGMENT

Rule 32 provides in relevant part:

Sentencing and Judgment

(f) Objecting to the Report

(1) Time to Object. Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guidelines ranges, and policy statements contained in or omitted from the report.

(2) Serving Objections. An objecting party must provide a copy of its objections to the opposing party and to the probation officer.

(3) Action on Objections. After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

(i) Sentencing.

(1) In General. At sentencing, the court:

(A) must verify that the defendant and the defendant's attorney have read and discussed the presentence report and addendum to the report;

(B) must give to the defendant and an attorney for the government a written summary of - of summarize in camera - any information excluded

from the presentence report under Rule 32(d)(3) on which the court
will rely in sentencing, and give them a reasonable opportunity to
comment on that information;

(2) Introducing Evidence; Producing a Statement. The Court may permit
the parties to introduce evidence on the objections. If a witness
testifies at sentencing, Rule 26.2(a)-(d) and (f) apply. If a party
fails to comply with a Rule 26.2 order to produce a witness's statement
the court must not consider that witness's testimony.

(3) Court Determinations. At sentencing, the court:

(A) may accept any undisputed portion of the presentence report as
a finding of fact;

(B) must - for any disputed portion of the presentence report or other
controverted matter - rule on the disputed portion of the report or
determine that a ruling is unnecessary either because the matter will
not affect sentencing, or because the court will not consider the
matter in sentencing.

## FEDERAL RULES OF CRIMINAL PROCEDURE
## PLAIN ERROR

Rule 52(b) provides in relevant part:

To establish plain error, one must demonstrate: (1) that error occurred; (2) that
the error was plain; (3) that the error affected his substantial rights; and
(4) that the error "seriously affected the fairness, integrity, or public rep-
utation" of the judicial proceeding.

### ACCARDI DOCTRINE

In UNITED STATES ex rel, ACCARDI v. SHAUGHNESSY, 347 U.S. 260,
74 S. Ct. 499, 98 L.Ed. 681 (1954), the Supreme Court vacated a
removal order of the Board because the procedures leading to the
order did not conform to the applicable regulations. ACCARDI, 347
U.S. at 268. The Board, appointed by the Attorney General, operated
under regulations promulgated by the Attorney General that provided,
in part, that the Board "shall exercise such discretion and power
conferred upon the Attorney General by law." Id at 266 (quoting
applicable regulations). The petitioner alleged that the Attorney
General had circulated a list of "unsavory characters" including
Accardi, who the Board then summarily removed without exercise of
its discretion. The Supreme Court held that as the regulation granting
the Board broad discretion remained operative, the Attorney General
could not sidestep the Board or dictate its decision in any manner.
Id at 266-267. Without requiring the petitioner to show prejudice,
the Accardi Court reversed, holding that Accardi was entitled to a

(5)

new hearing before the Board if he could prove his allegations in the District Court. See Id at 268.

After Accardi, the court continued to require agencies to comply with their promulgated regulations, without requiring petitioners to make a showing of prejudice. In SERVICE v. DULLES, 354 U.S. 363, 77 S. Ct. 1152, 1 L.Ed. 2d 1403 (1957), the Court invalidated a Foreign Service Officer's national security discharge because the Department of STate failed to comply with regulations granting procedural safeguards. Acknowledging that the Secretary of State was not required to adopt the regulations in questions, the Corut nonetheless held that, "having done so he could not, so long as the Regulations remained unchanged, proceed without regard to them." Id at 388. There was no discussion of prejudice to the terminated employee. Id at 389. Two years later, in VITARELLI v. SEATON, 359 U.S. 535, 539-540, 79 S. Ct. 968, 3 L.Ed. 2d 1012 (1959), the Court demanded that the Department of the Interior adhere to its employee-discharge procedures when terminating an employee on loyalty grounds, even though the Secretary could have dismissed the employee summarily on non-loyatly grounds. The Court ordered the petitioner reinstated without a showing of prejudice. Id at 546. Then, in YELLIN v. UNITED STATES, 374 U.S. 109, 83 S. Ct. 1828, 10 L.Ed. 2d 778 (1963). The Court held that the failure of a House Committee to comply with its own rule -- requiring the Committee to consider harm to the witness's reputation when deciding whether to hold an executive session -- excused the witness's refusal to answer questions. Id at 123-124. With no discussion of prejudice, nor showing of prejudice apparent on the record, the Court held that the Committee's failure to comply with its own rule would constitute an affirmative defense to the charge of criminal contempt.

## IV.
### GROUND ONE

### INEFFECTIVE ASSISTANCE OF COUNSEL
### GUILTY PLEA

Petitioner asserts that counsel of record, Ms. Catherine M. Six was

ineffective because she wholly failed to review petitioner's June 18, 2015 plea

agreeement and the Count Three charge that was prepared by the Government because

Count Three of the Indictment suffers the same residual clause enhancement dis-

cussed in "Johnson" ruling by the Supreme Court because in order for petitioner

to receive an enhanced sentence the Government must apply the 18 U.S.C. § 924(c)

(3)(A)&(B). That said ineffectiveness prejudiced his defense and as a result he

was sentenced to eighty-four (84) months imprisonment followed by twenty-six (26)

months imprisonment consecutive sentence on Count One and five (5) years supervised release.

In UNITED STATES v. EDMUNDSON, 2015 U.S. Dist., LEXIS 171007, Crim. No. PWG-13-15 (DC Maryland, Southern Div. 2015) Judge Paul W. Grimm stated "this Memorandum Opinion supplements my ruling on the bench at a December 17, 2015, hearing. Defendant Tiffany Renee Edmundson had moved to dismiss Count 2, using and carrying a firearm during and in relation to a crime of violence, and vacate her guilty plea. Subsequently, Edmundson withdrew her motion to withdraw the guilty plea but persisted in her motion to dismiss the firearm count. I ruled that Edmundson's plea to conspiracy to commit Hobbs Act robbery did not meet the requirements in 18 U.S.C. § 924(c)(3)(A) and that 18 U.S.C. § 924(c)(3)(B) is void for vagueness."

Petitioner asserts that counsel knew, or should have known, that at all times prior and during his June 18, 2015 blindfold guilty plea that the enhancement for crime of violence should have never been applied in his case and that the plea to conspiracy to commit Conspiracy to Interfere with Commerce by Means of Robbery did not meet the requirements in 18 U.S.C. § 924(c)(3)(A), that 18 U.S.C. § 924 (c)(3)(B) was void for vagueness under the Supreme Court's recent decision in JOHNSON v. UNITED STATES, 135 S. Ct. 2551, 192 L.Ed. 2d 569 (2015). That counsel should have filed their motion to withdraw his guilty plea of Count 3 and file for an order for the firearm offense to be dismissed against him, and that because based on "Johnson", the residual clause of 18 U.S.C. § 924(c)(3)(B) (the "§ 924 (c) residual clause") was unconstitutionally vague in violation of the Fifth Amendment Due Process Clause. Please see also WELCH v. UNITED STATES, 578 U.S. _____, No. 15-6418 (2016).

(7)

## INEFFECTIVE ASSISTANCE OF COUNSEL
## RULE 32 VIOLATION

Petitioner asserts that counsel of record, Ms. Catherine M. Six, was ineffective because she failed to object prior and during his September 21, 2015 sentencing hearing to the money judgment in the amount of $29,744.00 pursuant to Federal Rule of Criminal Procedure, Rule 32 and 32.2 because, the government seized all property from defendant and his co-conspirators with electronic devices valued at approximately $28,369.00 and $1,375 U.S. Currency and as a result of said ineffectiveness, petitioner's defense was prejudiced by this Court's September 21, 2015 restitution order of $29,744. BURNS v. UNITED STATES, 501 U.S. 129, 137, 115 L.Ed. 2d 123, 111 S.Ct. 2182 (1991).

## GROUND TWO

## "JOHNSON" CLAIM

Petitioner asserts that the United States Supreme Court had not formulated the final decision in JOHNSON v. UNITED STATES, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that the Armed Career Criminal Act's ("ACCA") so-called "residual clause" definition of a violent felony in unconstitutionally vague. Petitioner asserts that he may raise his Johnson claim in his § 2255 because the Johnson decision was not in existence at the time of his guilty plea proceedings, and because the Supreme Court held that Johnson announced a new substantive rule that has retroactive effect in cases on collateral review.

Petitioner asserts that to understand "Johnson"'s effect on this case, it is helpful to view § 924(c)(3)(A)&(B) as incorporated, alongside the residual clause in WELCH. Section 924(c)(3)(A)&(B) provides for purposes of the term "crime of violence" means an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or

property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." WELCH v. UNITED STATES, 578 U.S. _____, Appeal No: 15-6418 (2016).

Petitioner asserts that he may now claim the "Johnson" relief and the residual clause definition because he meets the criteria of said elements to satisfy the April 18, 2016 United States Supreme Court's holding in WELCH, because at all times his Federal Sentence was enhanced under 18 U.S.C. § 924(c)(3)(A)&(B).

## CONCLUSION

To prevail on a claim of ineffective assistance of counsel under clearly established federal law, a petitioner must demonstrate both that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. STRICKLAND v. WASHINGTON, 466 U.S. 668, 687 (1984). Counsel's performance would be deficient only if it fell below the wide range of competence demanded of attorney's in criminal cases. Id at 688.

Petitioner has satisfied Strickland's two-part test. Regarding performance, counsel was ineffective for the claims mentioned herein (Guilty Plea, Rule 32 Violation). As to prejudice, petitioner has shown that but for counsel's deficient performance, there is at least a reasonable probability he would have been successful on his motion to suppress and dismiss the indictment due to the fact that Conspiracy to commit robbery did not meet the requirements in 18 U.S.C. § 924 (c)(3)(A) and that 18 U.S.C. § 924(c)(3)(B) is void for vagueness under "Johnson". As a result of said ineffectiveness, petitioner was convicted and sentenced to one-hundred-ten (110) months imprisonment, followed by five (5) years supervised release. Petitioner expressly requests the right raise any other motion based on

the fact that evidence that may be raised during any evidentiary hearing in this case, and the right to file a supplemental brief more fully addressing the unlawful conviction and sentence at the hearing and the applicable law.

## PRAYER FOR RELIEF

Wherefore, petitioner prays the Court will vacate and remand his judgment and sentence, dismiss Count 3 of the indictment, hold an evidentiary hearing, and any other relief this Court deems just and/or proper.

April 28, 2016                                    Respectfully submitted,

Alexander Horst # 85574-083
Federal Correction Institution Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

U.S. MARSHALS
INSPECTED



Legal Mail
5-2-2016

United States District Court
Office Of The Clerk
600 Granby Street, Rm. 193

Norfolk, VA 23510-1915