UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

Alexander Quinton Horst,

        Movant,

v.                             Case No.: 2:15-cr-00046-MSD-DEM

United States of America,

        Respondent.

_____/

MR. HORST'S REPLY TO THE GOVERNMENT'S
MOTION TO DISMISS HIS 28 U.S.C. § 2255

Alexander Horst sought § 2255 claiming inter alia that his conviction for violating 18 U.S.C. § 924(c)(3)(B) violates due process since § 924(c)(3)(B) is constitutionally invalid. Mr. Horst identifies a fundamental flaw in the text of § 924(c)(3)(B), which renders the statute void. Significantly, the invalidity of the statute is facial thus cannot be procedurally defaulted or time barred (at least in an otherwise timely proceeding). Although in the context of § 924(e)(2), the Armed Career Criminal Act, the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2013), illuminates the constitutional flaw in § 924(c)(3)(B), Significantly, Mr. Horst's timely § 2255 does not rely upon the Johnson holding rather he claims that § 924(c)(3)(B) fails on its own lack of constitutional merit.

A facial challenge to the constitutionality of a statute implicates both subject-matter jurisdiction and a miscarriage of justice, thus such a claim is not subject to procedural default, express waiver, or timeliness

1

defenses. See generally, United States v. Saac, 632 F.3d 1203, 1208 (11th Cir. 2011); United States v. Palacios-Coquette, 55 F.3d 557, 561 (11th Cir. 1995). In this regard, Mr. Horst agrees the issue requires more formal briefing and requests the court issue a briefing schedule. Before delving further into the particulars of the motion to dismiss, Mr. Horst points the court to three decisions arising from the Eleventh Circuit that address the same procedural and substantive issues involved in this timely original § 2255 motion. In Jackson v. United States, No. 15-7915 (June 2016), the Supreme Court granted certiorari, vacated the Eleventh Circuit's opinion, and remanded the case. The issue presented by Mr. Jackson was whether a facial challenge to the constitutionality of a statute was subject to the procedural default doctrine. (Appendix "2"). In Sylvester v. United States, No. 14-212874-FF (11th Cir. 2016), the Eleventh Circuit granted a certificate of appealability on the question of whether a person may waive a challenge to the validity of a criminal statute in a plea agreement. (Briefing and Oral arguments pending). And in Duhart v. United States Case No. 16-61400-cv-MARRA, the Southern District of Florida district court found § 924(c)(3)(B) unconstitutionally vague. Even in Mr. Duhart's successive § 2255 motion, the district court found a meritorious substantively identical claim to that of Mr. Horst; the district court vacated the § 924(c) conviction. (Appendix "1").

In sum, the decisional authority shows at a minimum the issues presented by Mr. Horst are debatable and deserving of encouragement to proceed further, rather than the government's proposed summary disposition.

Mr. Horst briefly touches on the government's current arguments in the order presented.

2

1.   Analysis of Johnson claim

The government inexplicably turns to 28 U.S.C. § 2255(f)(3) for guidance; "guidance of § 2255(f)(3) shows that [Horst] is premature in asserting rights that the Supreme Court has not yet recognized..." (Doc. 103, p.4). The government's arguments misperceive the nature of Mr. Horst's "Johnson" claim, he only mentions Johnson as illustrative of why § 924(c)(3)(B) is vague. Mr. Horst's § 924(c)(3)(B) challenge does not rely on the Johnson holding, he challenges the validity of the statute under the far more ancient rule that a criminal statute must be understandable by an ordinary citizen, i.e., a criminal statute which is vague is void.

Admiittedly, if Mr. Horst's challenge was untimely and required (f)(3) to invoke the court's jurisdiction, then the government's response would be relevant. But Mr. Horst's habeas challenge is timely thus the government's (f)(3)-related argument is inapposite or frivolous.

2.   Government Waiver of Procedural Defenses

Mr. Horst disagrees with the government's suggestion that its deflective "motion to dismiss" does not constitute a waiver of its procedural defenses. (Doc. 103, pp. 11-12). The government had 60 days to raise the standard procedural defenses, instead the government chose to argue that Mr. Horst's due process claim was incognizable (premature). That election is the hallmark of waiver.

Mr. Horst does not waive the government's intentional abandonment of its procedural defenses, i.e., the government waiver. Cf., e.g., **Barreto-Barreto v. United States**, 551 F.3d 95, 98 (1st Cir. 2008); **United States v. Rivera-Pedin**, 861 F.2d 1522 (11th Cir. 1988).

3

3.  Ineffective Assistance Analysis

The government explains that neither the forfeiture claim nor the constitutional challenge give rise to a substantive claim of ineffective assistance of counsel. Mr. Horst acknowledges that a forfeiture challenge must be raised on direct appeal. That rule though does not obviate his claim. Rather it requires the court to liberally construe Mr. Horst's allegations to determine if the allegations could make out a valid claim. Catherine Six, trial stage counsel, failed to properly object to the forfeiture at sentencing, then failed to advise Mr. Horst the forfeiture challenge (even for plain error) must be raised on direct appeal or it is lost. If Ms. Six had raised the objection, then either this court would have granted relief or Mr. Horst would have been alerted of the need to appeal.

And, under any circumstance, Ms. Six failed to inform Mr. Horst of the consequences of not appealing, a breach of her duty and a classic example of deficient performance. See Roe v. Flores-Ortega, 528 U.S. 470 (2000). If she had advised Mr. Horst of the cognizability rule and the procedural default doctrine, then he would have appealed. This court should return Mr. Horst to the status quo ante. Thereby, allowing him to perfect his objection at sentencing and appeal under the harmless error standard.

Mr. Horst acknowledges that, as the government presents it, the second ineffective assistance claim would be incognizable since it would require Ms. Six to be a soothsayer. But a fairer reading of Mr. Horst's — indisputably pro se filing — would frame the claim differently than the government. Mr. Horst alleges that, in the light of the developing jurisprudence, including a then available Maryland District Court case seemingly on the same point of law (§ 2255 Memo, p.7), Ms. Six should have recognized the validity and significance of a facial challenge to the criminal statute.

4

A defense attorney — any attorney for that matter — has a duty to argue for an extension of the law. An especially poignant duty when (1) the client has no other chance for a successful result and (2) the client has no potential harm from pursuing the attempted extension. Ms. Six should have raised the constitutional claim at both the district level and in the appeals court. Ms. Six's decision not to raise the claims lacks any strategic purpose. Mr. Horst could not have been prejudiced by an appeal, he deserved an opportunity to have the claim heard. He should be given that opportunity now.

## CONCLUSION

This court should deny the government's motion to dismiss and either grant Mr. Horst's § 2255 motion or establish a formal briefing schedule, on the constitutional claim. Further, the court should schedule both discovery and an evidentiary hearing for the other claims.

Prepared with the assistance of Frank L. Amodeo and respectfully submitted on this 2nd day of November, 2016 by:

Alexander Horst
Reg.No.: 85574-083
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521-1031

## CERTIFICATE OF SERVICE

The original motion was delivered to the prison mailing authorities on November 2, 2016 in a postage-prepaid, properly-addressed envelope for mailing to this court. A copy of the motion was sent by first class mail to the United States via its attorney of record: William D. Muhir, Esq at 101 W. Main Street, Suite 8000, Norfolk, VA 23510 contemporaneously.

Alexander Horst

Appendix "1"

Anthony
Jackson
Petition for Certiorari

Alexander Horst
Reg.No.: 85574-083
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521-1031

November 2, 2016

United States District Court
Eastern District of Virginia
Office of the Clerk

Dear Clerk,

I have included a self addressed, stamped envelope and a copy of the front page  of my filing. Will you  please date stampe this copy and return it to me in the envelope provided?

Thank you for your time and assistance.

Sincerely,

Alexander Horst

Please just date stemp
this sheet

No. _____

**********************
**********************

IN THE

SUPREME COURT OF THE UNITED STATES

**********************
**********************

Anthony Grant Jackson,

Petitioner,

—versus—

United States of America,

Respondent.

**********************

PETITION FOR A WRIT OF CERTIORARI TO THE
ELEVENTH CIRCUIT COURT OF APPEALS

**********************

Court of Appeals Case No. 14-15100-D

**********************

Anthony Grant Jackson
Reg. No. 27000-018  Unit A-4
Federal Correctional Complex Low
P.O. Box 1031
Coleman, Florida 33521-1031

## QUESTION PRESENTED

In 2011, in this Court, Mr. Jackson successfully challenged whether his prior convictions qualified as ACCA predicates under 18 U.S.C. §924(e)(2)'s enumerated clause. On remand, the Eleventh Circuit reaffirmed the conviction, explicitly finding the predicates qualified under the ACCA residual clause. In 2012, Mr. Jackson filed a §2255 motion claiming that the ACCA was unconstitutionally vague. The district court denied the claim as procedurally defaulted. Despite this Court sua sponte raising the nearly identical question in Johnson v. United States, 135 S.Ct. 2551 (2015), the Eleventh Circuit held that no jurist of reason would find debatable the district court's application of the procedural-default doctrine to foreclose review of the constitutional challenge.

Does this Court's declaring the ACCA residual clause void except a §2255 claim challenging the constitutionality of the ACCA residual clause from the procedural default doctrine?

i

## LIST OF PARTIES INVOLVED

All of the parties to these proceedings are contained in the caption of the case.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| QUESTION PRESENTED | 1 |
| LIST OF PARTIES INVOLVED | ii |
| TABLE OF CONTENTS | iii |
| TABLE OF AUTHORITIES | v |
| PETITION FOR WRIT OF CERTIORARI | 1 |
| OPINIONS BELOW | 1 |
| STATEMENT OF JURISDICTION | 1 |
| CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED | 2 |
| STATEMENT OF THE CASE AND COURSE OF THE PROCEEDINGS | 2 |
| STATEMENT | 4 |
| REASON FOR GRANTING THE WRIT | 6 |
| 1. This Court's decision demonstrate that the procedural-default doctrine does not apply to a challenge to the constitutionality of a criminal statute. The Eleventh Circuit's denial of Mr. Jackson's application for a certificate of appealability sanctions a district court judgment, which is in diametric opposition to this Court's decisions. | 6 |
| 2. Habeas equitable traditions, American fairness concepts, and this court's decision favor considering any claim sounding in a miscarriage of justice as an exception to the procedural-default doctrine. | 7 |
| CONCLUSION | 11 |

### Appendices

| | |
|---|---|
| Appendix "A" - October 1, 2015 Motion for Reconsideration, 11th Circuit Court of Appeals Opinion and Order. | |
| Appendix "B" - August 4, 2015, Eleventh Circuit Court of Appeals Order denying the application for a Certificate of Appealability. | |
| Appendix "C" - August 6, 2015, The United States District Court for the Middle District of Florida, Orlando Division, denying Motion for Reconsideration. | |

Appendix "D" - April 10, 2014, Denial of the 28 U.S.C. §2255 motion by the United States District Court for the Middle District of Florida, Orlando Division.

Appendix "E" - September 2011, Eleventh Circuit Court of Appeals's Opinion Affirming the Criminal Judgment After Remand from the Supreme Court Granting Certiorari and Vacating the Earlier Eleventh Circuit Opinion.

Appendix "F" - Letter of Supplemental Authority Submitted to the Eleventh Circuit.

Appendix "G" - December 24, 2015, Motion for an Extension of Time to the Supreme Court to File a Petition for a Writ of Certiorari.

iv

## TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| Almendarez-Torres v. United States, 523 U.S. 224 (1998) | 9 |
| Bousley v. United States, 523 U.S. 614 (1998) | 8 |
| Bunkley v. Florida, 538 U.S. 835 (2003) | 8 |
| Calderon v. Thompson, 523 U.S. 538 (1998) | 9 |
| Coleman v. Thompson, 501 U.S. 722 (1991) | 8 |
| Descamps v. United States, 133 S.Ct. 2276 (2013) | 3 |
| Ex parte Siebold, 100 U.S. 371 (1879) | 11 |
| Fiore v. White, 531 U.S. 225 (2001) | 8 |
| Henderson v. United States, 133 S.Ct. 1121 (2013) | 7 |
| Herrera v. Collins, 506 U.S. 390 (1993) | 9 |
| Ins. Corp. of Ireland Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982) | 10 |
| Johnson v. United States, 130 S.Ct. 1265 (2010) | 3 |
| Johnson v. United States, 135 S.Ct. 2551 (2015) | 4,5,6,12 |
| Johnson v. United States, 559 U.S. 133 (2010) | 6 |
| McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) | 11 |
| McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) | 8 |
| Murray v. Carrier, 477 US. 478 (1986) | 8 |
| Sawyer v. Whitley, 505 U.S. 333 (1992) | 9 |
| Schlup v. Delo, 513 U.S. 298 (1995) | 8 |
| United States v. Gaudin, 515 U.S. 506 (1995) | 9 |
| United States v. Jackson, 440 Fed. Appx. 857 (11th Cir. 2011) | 3,5,6 |
| United States v. Nix, 628 F.3d 1341 (11th Cir. 2010) | 5 |
| United States v. Pridgeon, 153 U.S. 48 (1894) | 11 |
| United States v. Walker, 59 F.3d 1196 (11th Cir. 1995) | 11 |
| Willy v. Coastal Corp., 503 U.S. 131 (1992) | 10 |

### Citations

| | |
|---|---|
| 11th Cir. R. 28(j) (2105) | 7 |
| 18 U.S.C. §922(g)(1) | passim |
| 18 U.S.C. §924(e)(2) | passim |
| 28 U.S.C. §1291 | 2 |
| 28 U.S.C. §2253 | 1 |
| 28 U.S.C. §2255 | passim |

v

## PETITION FOR A WRIT OF CERTIORARI

Anthony Grant Jackson respectfully requests that a writ of certiorari be issued to review the August 4, 2015 opinion of the United States Court of Appeals for the Eleventh Circuit denying an application for a certificate of appealability on the question of whether his timely §2255 Johnson-like challenge to his Armed Career Criminal Act conviction can be procedurally defaulted.

## OPINIONS BELOW

The opinions of the lower courts are reproduced in full in the appendix.

On October 1, 2015, the United States Court of Appeals for the Eleventh Circuit denied Mr. Jackson's motion for reconsideration. (Appendix "A").

On August 4, 2015, the United States Court of Appeals for the Eleventh Circuit denied Mr. Jackson's application for a certificate of appealability. (Appendix "B").

On August 6, 2014, the United States District Court for the Middle District of Florida denied Mr. Jackson's motion for reconsideration from the denial of the 28 U.S.C. §2255 motion. (Appendix "C").

On April 10, 2014, the United States District Court for the Middle District of Florida, Orlando Division denied Mr. Jackson's 28 U.S.C. §2255 motion to vacate. (Appendix "D").

## STATEMENT OF JURISDICTION

The United States District Court for the Middle District of Florida had jurisdiction over this case pursuant to 28 U.S.C. §2255.

The United States Court of Appeals for the Eleventh Circuit had jurisdiction over this case pursuant to 28 U.S.C. §2253(c)(2). This Court's jurisdiction is

invoked under 28 U.S.C. §1291. On or about December 24, 2015, Mr. Jackson sought an extension of time until February 1, 2016 to submit this petition for a writ of certiorari. At the time he submits this petition that motion remains pending.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

### 28 U.S.C. §2253(c)(2)

A Certificate of Appealability may be issued under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

### 18 U.S.C. §924(e)(2)(B)

A "violent felony" is an offense punishable by imprisonment for more than one year which "(i) has as an element the use, or attempted use, or threatened use of physical force against the person or another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential of physical injury to another."

## STATEMENT OF THE CASE AND COURSE OF THE PROCEEDINGS

In April of 2008, Anthony Grant Jackson was arrested by federal authorities and charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). On November 6, 2008, Mr. Jackson entered a guilty plea to the single count indictment. On March 17, 2009, the district court conducted sentencing. After hearing arguments on whether Mr. Jackson violated the Armed Career Criminal Act, the district court determined that Mr. Jackson had the necessary qualifying predicates for an Armed Career Criminal Act sentence; the district court sentenced Mr. Jackson to a 180-month term of incarceration

followed by 3 years of supervised released. On March 26, 2009, Mr. Jackson filed his notice of appeal.

On January 4, 2010, the United States Court of Appeals for the Eleventh Circuit in case number 09-11602 affirmed the ruling of the district court that Mr. Jackson had the necessary predicate convictions to enhance his sentence under the Armed Career Criminal Act. Mr. Jackson sought certiorari review in this Court.

On October 21, 2011, this Court granted certiorari, vacated the Eleventh Circuit's opinion, and remanded the case for the Eleventh Circuit to reconsider its opinion in the light of this Court's decision in **Johnson v. United States**, 130 S.Ct. 1265 (2010). See **United States v. Jackson**, 440 Fed. Appx. 857 (11th Cir. 2011) (Reproduced in Appendix "E").

On September 11, 2012, the Court of Appeals concluded that although Mr. Jackson's predicates did not qualify under the ACCA's enumerated clause, they qualified under the ACCA's residual clause. **Id.**

On November 20, 2012, Mr. Jackson filed a motion to vacate under **28 U.S.C. §2255**, case number 6:12-cv-1740-Orl-31KRS.

On April 10, 2014, without an evidentiary hearing, the United States District Court for the Middle District of Florida denied Mr. Jackson's §2255 motion. Specifically, finding that this Court's decision in **Descamps v. United States**, 133 S.Ct. 2276 (2013) was not retroactively applicable and that Mr. Jackson had procedurally defaulted his claim that the Armed Career Criminal Act residual clause was unconstitutionally vague. (Appendix "D").

On May 5, 2014, Mr. Jackson filed a motion for reconsideration showing that the government conceded the retroactivity of the **Descamps** rule, and emphasizing the jurisdictional nature of the constitutional challenge to the ACCA could not be procedurally defaulted. On June 2, 2014, the government responded. Mr.

Jackson filed a reply on June 18, 2014, and on August 6, 2014, the district court denied Mr. Jackson's motion for reconsideration and denied a certificate of appealability. (Appendix "C").

On October 20, 2014, Mr. Jackson filed an application for a certificate of appealability in the United States Court of Appeals for the Eleventh Circuit in case number 14-15100-D.

On August 4, 2015, the Court of Appeals denied Mr. Jackson's application for a COA. (Appendix "B"). On October 1, 2015, the Court of Appeals denied Mr. Jackson's motion for reconsideration. (Appendix "A").

On December 24, 2015, Mr. Jackson filed for a 30-day extension until and including February 1, 2016, in order to file a writ of certiorari. (Appendix "G"), especially in the light of this Court's ruling in another case styled **Johnson v. United States**, 135 S.Ct. 2551 (2015), where this Court on its own motion presented and resolved a claim nearly identical to Mr. Jackson, even though Mr. Johnson had procedurally defaulted the claim.

## STATEMENT

Throughout all of Mr. Jackson's proceedings (trial, appeal, certiorari, on remand for certiorari, and §2255) he argued that he did not violate the Armed Career Criminal Act, **18 U.S.C §§922(g)(1), 924(e)(2)**. A contention that was the gravamen of Mr. Jackson's §2255 proceeding. The district court denied the §2255 motion but did so through a web of procedural rulings (some of which Mr. Jackson will demonstrate are debatable or wrong) rather than through a merits testing. An analysis of the district court's orders reveals the district court's procedural rulings, however, were founded on the belief that Mr. Jackson's substantive claims were not meritorious. "Finally, Petitioner, who has prior

convictions for delivery of cocaine, robbery with a firearm, and resisting an officer with violence, has not demonstrated that a manifest injustice occurred based on his sentencing pursuant to the ACCA." (Appendix "C", p.2). A decision, in part, derived from the Eleventh Circuit's express finding that the predicate qualified under the ACCA's residual clause. In the light of this Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), that premise is wrong.

In an exceedingly rare action, after hearing oral argument and denying Mr. Johnson relief, this Court ordered the parties in Johnson to brief and argue whether the ACCA's residual clause is unconstitutional, alone, that unique procedure establishes that reasonable jurists would debate the district court's ruling in Mr. Jackson's case on the question whether the ACCA's residual clause is unconstitutionally vague. In Mr. Jackson's case the law of the case doctrine provides that Mr. Jackson is only guilty of violating the ACCA because of the ACCA's residual clause. United States v. Jackson, 440 Fed. Appx. 857 (11th Cir. 2011) (after remand affirming based on the residual-clause holding articulated in United States v. Nix, 628 F.3d 1341 (11th Cir. 2010)). This Court's inquiry into the ACCA's constitutionality provides a classic example of when reasonable jurists would find debatable the district court's resolution of the challenge to the ACCA's constitutionality.

Equally significant, this Court's decision extinguishes the legal foundation for the Eleventh Circuit's original affirmation of Mr. Jackson's conviction, thus, at a minimum, Mr. Jackson's initial claim is resolved in his favor (i.e., the ACCA is vague) and reason suggests he should be allowed to further develop his claims by briefing the issues on what the consequences of the ACCA's nullification are on preexisting judgments, and whether the procedural default doctrine applies when the statute is eradicated.

# REASONS FOR GRANTING THE WRIT

The Eleventh Circuit concluded that no reasonable jurist would debate whether the procedural-default doctrine forecloses review of Ground Two, i.e., the claim that the ACCA's residual clause was unconstitutionally vague. The Eleventh Circuit's opinion is contradicted by this Court sua sponte raising the procedurally-defaulted claim in Johnson v. United States, 135 S.Ct. 2551 (2015). Further, the Eleventh Circuit's position is inconsistent with the established rule that a claim implicating a miscarriage of justice is excepted from the procedural-default doctrine. And likewise, that claim involving a challenge to subject-matter jurisdiction is not subject to a procedural-default defense.

1.  This Court's decisions demonstrate that the procedural-default doctrine does not apply to a challenge to the constitutionality of a criminal statute. The Eleventh Circuit's denial of Mr. Jackson's application for a certificate of appealability sanctions a district court judgment, which is in diametric opposition to this Court's decisions.

In 2011, this Court granted Mr. Jackson's petition for certiorari, vacated the Eleventh Circuit Court of Appeals's order, and remanded the matter to the appellate court for reconsideration in the light of Johnson v. United States, 559 U.S. 133 (2010). United States v. Jackson, 440 Fed. Appx. 857, 858 (11th Cir. 2011) (unpublished). The Eleventh Circuit held, "[o]n reconsideration, we affirm, once again, Jackson's sentence. A crime is a 'violent felony' under the ACCA if it satisfies the residual clause of the statute .... 18 U.S.C. §924(e)(2)(B)." Id at 858. (Reproduced in Appendix "E").

In 2012, Mr. Jackson sought to vacate his criminal judgment under 28 U.S.C. §2255. (Appendix "D"). Ground Two of the §2255 motion challenged the constitutionality of the Armed Career Criminal Act. (Appendix "B", p.2).

In 2014, the district court denied Mr. Jackson's Ground Two challenge because Mr. Jackson did not raise the challenge on direct appeal. (Appendix "C"). Stated otherwise, the district court held that Mr. Jackson had forfeited the claim that the ACCA residual clause was facially unconstitutional. Mr. Jackson appealed.

In 2015, the Eleventh Circuit sanctioned the district court judgment, not only by denying the COA, but also expressly stating, "the district court properly determined that Grounds 2, 3, 5, and 7 were procedurally defaulted because Jackson did not raise them on direct appeal, and did not demonstrate either cause for failing to raise the claims and prejudice resulting from the alleged error, or a fundamental miscarriage of justice excusing the procedural default. (Appendix "B", p.2).

On or about July 2, 2015, Mr. Jackson brought this Court's June 25, 2015 Johnson decision to the Eleventh Circuit's attention via a letter of supplemental authority. 11th Cir. R. 28(j) (2015); (Appendix "F"). The appeals court, however, disregarded not only the substantive application of this Court's holding, but also ignored the implication that jurists of reason could disagree with the district court's resolution of the vagueness challenge.

At the time of the appeals court's decision denying the application for COA, this Court had established that reliance on the residual clause (now or ever) was plain error. The Eleventh Circuit should have applied the law as it existed at the time of its review, not at the time of the district court's decision. See Henderson v. United States, 133 S.Ct. 1121 (2013).

2. Habeas equitable traditions, American fairness concepts, and this court's decision favor considering any claim sounding in a miscarriage of justice as an exception to the procedural-default doctrine.

This Court has repeatedly applied the miscarriage of justice exception to allow habeas petitions to overcome procedural restrictions and time limitations

whether the obstacles were judicially created or statutorily mandated. See e.g., McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) (actual innocence overrides the statute of limitations); Coleman v. Thompson, 501 U.S. 722, 750 (1991) (a miscarriage of justice permits "abusive" petitions; asserting in a second petition a claim that could have been raised in an earlier petition); Murray v. Carrier, 477 U.S. 478, 496 (1986) (The Court recognized the miscarriage of justice exception as an alternative basis for excusing procedural default, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for procedural default.). Those decisions "seek to balance the social interests in finality, comity, and conservation of scarce judicial resources with (the) individual interests in justice that arises in the extraordinary case" where an innocent person has been incarcerated. Schlup v. Delo, 513 U.S. 298 (1995). Mr. Jackson's facts reveal two exceptional circumstances that are recognized as a miscarriage of justice: (1) actual innocence and (2) the imposition of an unlawful sentence; either of which excepts Mr. Jackson's §2255 ACCA challenge from the procedural-default doctrine.

(A) In order for a person to be guilty of a crime, the government must prove each element of the crime beyond a reasonable doubt. If the government does not, then the Constitution presumes the individual is actually innocent of the crime. The imprisonment of an actually innocent person is a miscarriage of justice.

The government must prove every element of the crime by the constitutionally-required criteria, otherwise the Constitution presumes the accused innocent. See Bunkley v. Florida, 538 U.S. 835 (2003); Fiore v. White, 531 U.S. 225 (2001) (if an element of the crime is not established, the defendant is not guilty of the crime). We recognize that actual innocence has two dimensions: (1) legal sufficiency of the evidence, and (2) factual innocence. See Bousley v. United

States. 523 U.S. 614, 622 (1998). In the context of a challenge asserting that, as a matter of law, as opposed to a matter of fact, the conviction occurred; we believe the two dimensions merge into a single concept. Cf Calderon v. Thompson, 523 U.S. 538, 559-60 (1998) (describing the actual innocence principles in the context of comparing previously unavailable facts with an existing factual record that established guilt). Significantly, in the current context (where legal innocence equates to factual innocence) adoption of any other definition would allow an entity other than a jury to convict the accused; a practice anathema to the Constitution. United States v. Gaudin, 515 U.S. 506, 522-26 (1995); cf. see Almendarez-Torres v. United States, 523 U.S. 224 (1998).

A bona fide claim of actual innocence is a miscarriage of justice, which must be addressable by some federal court. "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional error does not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. 390, 404-05 (1993); Sawyer v. Whitley, 505 U.S. 333 (1992). Correspondingly, a showing of actual innocence is a miscarriage of justice, which excuses any procedural default and overcomes any technicality that would prevent an adjudication of a habeas petition's merits.

Although the fact of three qualifying convictions need not be submitted to the jury or admitted by the defendant, since the fact dramatically alters the district court's sentencing authority, that "fact" is still an element of the crime. Consequently, since the elemental fact was decided wrong, the Constitution requires all courts to presume Mr. Jackson innocent; which in turn creates a miscarriage-of-justice claim that generates an equitable exception to any procedural default that would otherwise foreclose his claim.

Mr. Jackson is actually innocent of violating 18 U.S.C. §§922(g)(1), 924(e)(2), thus he should not serve more than 10 years in prison; his current detention is illegal and this Court should fulfill its duties under the

Constitution by granting the writ, vacating the Eleventh Circuit's opinion, and remanding the case with instructions.

(B) If a court imposes an unauthorized sentence, then the court exceeds its subject-matter jurisdiction, and such a judgment is void from inception. The enforcement of a void or unlawful criminal judgment constitutes a miscarriage of justice, and a miscarriage of justice always excuses a procedural default.

A federal court's subject-matter jurisdiction (that is, its statutory authority and power to adjudicate a matter) is conferred solely by a constitutionally valid act of Congress. Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); In. Corp. of Ireland Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982). For a violation of 18 U.S.C. §§922(g)(1), 924(e)(2), Congress authorized a federal court to impose as much as a 10-year term of imprisonment. A longer sentence was possible only if the government proved two facts: (1) the existence of three qualifying predicate convictions; and (2) that the convictions occurred on separate occasions. In Mr. Jackson's case, neither fact was properly proven by the government.

A direct consequence of the invalid proof is that the original district court's statutory penalty authority (i.e., subject-matter jurisdiction over the penalty adjudication) was limited to a maximum sentence of 10 years, rather than the life sentence the original court erroneously believed possible. The sentencing court could no more have imposed a sentence greater than 10 years (including the 15-year sentence imposed) than it could have ordered Mr. Jackson horse whipped.

Significantly, this example reveals the jurisdictional nature of the claim. The district court could not impose a penalty greater than ten years even if Mr. Jackson had invited it. The hallmark of a jurisdictional challenge is one that cannot be waived by the parties.

The district court's punishment was not just erroneous, but unlawful. See Ex parte Siebold, 100 U.S. 371 (1879) ("Although a court may have original jurisdiction, if it makes a decree not within the powers granted to it by law, then that decree is void."); Cf. also United States v. Walker, 59 F.3d 1196, 1198 (11th Cir. 1995) ("We could think of no plainer error than to allow a conviction to stand under a statute which Congress was without power to enact"). Consequently, upon judicial review, Mr. Jackson's judgment is either void in its entirety and should not be enforced at all, or it must be reformed to cure the jurisdictional deficiency. See McCoy v. United States, 266 F.3d 1245, 1264 (11th Cir. 2001) (citing United States v. Pridgeon, 153 U.S. 48, 62 (1894)). In this instance, the district court should either have vacated the criminal judgment altogether or reduced the sentence to no more than the 10-year statutory maximum, that is, the outer limit of the district court's penalty authority based on the validly proven facts.

Habeas equitable traditions, American fairness concepts, and this Court's precedent favor considering any miscarriage of justice claim despite an earlier procedural default. Mr. Jackson's sentence is fundamentally defective since it exceeds the lawful maximum. Mr. Jackson's conviction is a miscarriage of justice, since the government did not prove the elements of the crime, Mr. Jackson's claim must be heard despite his failure to raise it earlier.

## CONCLUSION

The Eleventh Circuit entered an opinion that validated a district court's departure from the usual application of the procedural-default doctrine. The deviant application of the procedural-default rule perpetuates a miscarriage of justice, since Mr. Jackson's claim indicates he is actually innocent of the

Armed Career Criminal Act violation, and serving a prison sentence beyond the otherwise applicable statutory maximum. As this Court long ago established a habeas corpus should address the merits of a procedurally-defaulted claim, which, if uncorrected, results in a miscarriage of justice.

Moreover, this Court sua sponte raised a nearly identical question in Johnson v. United States, 135 S.Ct. 2551 (2015), thereby indication by example that the claim is jurisdictional and not subject to procedural default.

This Court should grant the petition, issue the writ, vacate the Eleventh Circuit's opinion, and remand to the Court of Appeals with directions to order the district court to adjudicate the timely §2255 claim without regards to Mr. Jackson's failure to raise the claim in his direct appeal. Alternatively, this Court should either grant a certificate of appealability or order the Court of Appeals to do so.

Prepared by Frank L. Amodeo and respectfully submitted on this 19th day of January 2016 by:

_Frank L. Amodeo_

## CERTIFICATE OF SERVICE

This petition was delivered in a pre-addressed, postage-paid envelope to the prison mailing authorities on the same day as signed. The United States of America's attorney of record registered with the CM/ECF docketing system; thus the petitioner requests that notice of the filing and service of this

Anthony Quilla Jackson
Reg. No. 17000-018   Unit A-4
Federal Correctional Complex Low
P.O. Box 1031
Coleman, Florida 33521-1031

petition on the United States occur through that agent's electronic medium.

## VERIFICATION

Under penalty of perjury as authorized in 28 U.S.C. §1746, I declare that the factual allegations and factual statements contained in this document are true and correct to the best of my knowledge.

Anthony Grimm/Jackson

Anthony Grimm/Jackson

13

Appendix "2"
Solicitor — General's
Response in "Opposition"
to Anthony Jackson's
Certiorari Petition

No. 15-7915

IN THE SUPREME COURT OF THE UNITED STATES

_____

ANTHONY GRANT JACKSON, PETITIONER

v.

UNITED STATES OF AMERICA

_____

ON PETITION FOR A WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

BRIEF FOR THE UNITED STATES

_____

DONALD B. VERRILLI, JR.
  Solicitor General
  Counsel of Record
LESLIE R. CALDWELL
  Assistant Attorney General
DAVID B. GOODHAND
  Attorney
  Department of Justice
  Washington, D.C. 20530-0001
  SupremeCtBriefs@usdoj.gov
  (202) 514-2217

QUESTION PRESENTED

Whether petitioner is entitled to seek post-conviction relief under 28 U.S.C. 2255 based on his claim that he is "actually innocent" of his noncapital sentence because his sentence was enhanced under the Armed Career Criminal Act's residual clause.

(I)

2

IN THE SUPREME COURT OF THE UNITED STATES

No. 15-7915

ANTHONY GRANT JACKSON, PETITIONER

v.

UNITED STATES OF AMERICA

ON PETITION FOR A WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

BRIEF FOR THE UNITED STATES

OPINIONS BELOW

The opinion of the court of appeals (Pet. App. B2-B6)[1] is unreported. The order of the district court denying petitioner's motion to vacate his sentence pursuant to 28 U.S.C. 2255 (Pet. App. D2-D7) is also unreported. Prior opinions of the court of appeals in petitioner's case are available at 440 Fed. Appx. 857 and 355 Fed. Appx. 297.

[1] The appendix to the petition for a writ of certiorari is not consecutively paginated. This brief refers to the pages in each lettered appendix as if they were consecutively paginated.

JURISDICTION

The judgment of the court of appeals was entered on August 4, 2015. A petition for rehearing was denied on October 1, 2015 (Pet. App. A2). On January 13, 2016, Justice Thomas extended the time within which to file a petition for a writ of certiorari to and including February 1, 2016. The petition was filed on January 19, 2016. The jurisdiction of this Court is invoked under 28 U.S.C. 1254(1).

STATEMENT

Following a guilty plea in the United States District Court for the Middle District of Florida, petitioner was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). The district court sentenced petitioner to 15 years of imprisonment pursuant to the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. 924(e). The court of appeals affirmed petitioner's sentence, concluding that his prior conviction for resisting an officer with violence qualified as a violent felony under the ACCA's "elements clause," 18 U.S.C. 924(e)(2)(B)(i). See 355 Fed. Appx. 297 (per curiam). This Court vacated the court of appeals' decision and remanded for further consideration in light of (Curtis) Johnson v. United States, 559 U.S. 133 (2010). 562 U.S. 1128. On remand, the court of appeals affirmed petitioner's sentence, relying instead on the ACCA's residual clause, 18 U.S.C. 924(e)(2)(B)(ii). 440 Fed.

3

Appx. 857 (per curiam). This Court denied a petition for a writ of certiorari. 132 S. Ct. 1132.

Petitioner subsequently moved under 28 U.S.C. 2255 to vacate his sentence. The district court denied the motion. Pet. App. D2-D7. The court of appeals affirmed. Id. at B2-B6.

1.  a.  Following an investigative stop of petitioner in Orlando, Florida, law enforcement officers found a loaded .22-caliber revolver on his person. Presentence Investigation Report (PSR) ¶ 5. A federal grand jury in the Middle District of Florida returned a one-count indictment charging petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). PSR ¶ 1. Petitioner pleaded guilty without a plea agreement. PSR ¶ 2.

The Probation Office noted that petitioner had prior convictions for delivery of cocaine, robbery with a firearm,[2] and resisting an officer with violence. PSR ¶¶ 28-31. Under the ACCA, a defendant convicted of a Section 922(g) offense who has at least three prior convictions for a "violent felony" or a "serious drug offense" is subject to a mandatory minimum sentence of 15 years of imprisonment and a maximum sentence of life imprisonment. 18 U.S.C. 924(e)(1). The ACCA defines a

---

[2]  Along with the armed-robbery offense, petitioner was convicted of aggravated battery and armed burglary of a dwelling; all of those convictions derived from the same March 15, 1991, arrest. PSR ¶ 29.

4

"violent felony" to include "any crime punishable by imprisonment for a term exceeding one year * * * that -- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B). Subsection (i) is known as the elements clause. The second half of Subsection (ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is known as the residual clause. See Johnson v. United States, 135 S. Ct. 2551, 2556 (2015).

The Probation Office concluded that petitioner's prior conviction for delivery of cocaine was a "serious drug offense" and his prior convictions for robbery with a firearm and resisting an officer with violence were "violent felon[ies]" and thus petitioner qualified for an enhanced sentence under the ACCA. PSR ¶ 21; PSR Addendum ¶ 1.

As relevant here, petitioner objected to the use of his prior conviction for resisting an officer with violence as a predicate offense. 2/20/09 Sent. Tr. 4-9, 14-21, 30-34, 38-40. The district court concluded that the offense was a violent felony under the ACCA's elements clause and sentenced petitioner as an armed career criminal to 15 years of imprisonment, to be

5

followed by three years of supervised release.   Id. at 36-37, 46-47.

   b.   The court of appeals affirmed.   355 Fed. Appx. 297. The court held that the Florida offense of resisting an officer with violence "involves the 'use, attempted use, or threatened use of physical force against the person of another'" and therefore qualifies as a violent felony under the ACCA's elements clause.   Id. at 299 (quoting 18 U.S.C. 924(e)(2)(B)(i)).

   c.   After the court of appeals affirmed petitioner's sentence on direct appeal, this Court held in (Curtis) Johnson that the ACCA's elements clause is triggered only if the statute of conviction requires "violent force -- that is, force capable of causing physical pain or injury to another person."   559 U.S. at 140.   This Court granted a petition for a writ of certiorari in petitioner's case, vacated the decision of the court of appeals, and remanded for further consideration in light of (Curtis) Johnson.   562 U.S. 1128.

   d.   On remand, the government argued that the Florida crime of resisting an officer with violence "requires violent force" and "categorically is a 'violent felony' under [(Curtis)] Johnson's construction of the elements clause."   See 12-cv-01746 Docket entry No. 4-3, at 2-8 (M.D. Fla. Jan. 31, 2013).   The government argued in the alternative that petitioner's

6

conviction for resisting an officer with violence qualified as a violent felony under the residual clause.   Id. at 8-9.

   The court of appeals again affirmed petitioner's sentence. 440 Fed. Appx. 857 (per curiam).   The court concluded that petitioner's prior conviction for resisting an officer with violence is a violent felony under the ACCA's residual clause because it "involve[d] conduct that present[ed] a serious potential risk of physical injury to another."   Id. at 859 (citation omitted).

   2.   a.   On November 20, 2012, petitioner filed a motion to vacate his sentence under 28 U.S.C. 2255. Pet. App. B2.   In his motion, petitioner claimed that the ACCA was unconstitutionally vague.   The government argued that this argument had been procedurally defaulted because petitioner failed to raise it at trial or on direct appeal.   12-cv-01746 Docket entry No. 4 (Jan. 13, 2013) (discussing petitioner's claim 2).   The district court agreed that the argument had been procedurally defaulted and that petitioner had "not demonstrated cause and prejudice to overcome his procedural default nor · · · established he is actually innocent."   Pet. App. D4; see id. at D3-D5.   The court relied on McKay v. United States, 657 F.3d 1190 (11th Cir. 2011), cert. denied, 133 S. Ct. 112 (2012), for the proposition that "a petitioner must establish that he is factually innocent of one of his prior convictions to establish

7

application of [the] fundamental miscarriage of justice exception to overcome [a] procedural bar for [a] claim of sentencing error based on [a] career offender designation." Pet. App. D4.   The court declined to grant a certificate of appealability (COA).   Id. at D6.   Petitioner requested a COA from the court of appeals.   Id. at B2.

b.   On April 21, 2014, this Court granted a petition for a writ of certiorari in Johnson v. United States, No. 13-7120, to decide whether the Minnesota offense of unlawful possession of a short-barreled shotgun qualified as a "violent felony" under the ACCA's residual clause.   134 S. Ct. 1871.   On January 9, 2015, following briefing and oral argument on that issue, the Court restored the case to the calendar for reargument and directed the parties to file supplemental briefs addressing the question "[w]hether the residual clause in the [ACCA] is unconstitutionally vague."   135 S. Ct. 939.   On June 26, 2015, this Court held that the ACCA's residual clause is unconstitutionally vague and that "[i]ncreasing a defendant's sentence under the clause denies due process of law."   Johnson, 135 S. Ct. at 2557.

c.   On August 4, 2015, without requesting a response from the government, the court of appeals denied petitioner's application for a COA.   Pet. App. B2-B6.   The court concluded that petitioner's claim that the ACCA was unconstitutionally

8

vague had been "procedurally defaulted because [he] did not raise [it] on direct appeal, and did not demonstrate either cause for failing to raise the claim[] and prejudice resulting from the alleged error, or a fundamental miscarriage of justice excusing the procedural default."   Id. at B4.   The court cited McKay, supra, in which it had previously held that a prisoner had not demonstrated "actual innocence" for purposes of establishing a fundamental miscarriage of justice where the prisoner had "ma[de] the purely legal argument that * * * his prior conviction for carrying a concealed weapon should not have been classified as a 'crime of violence' under the Guidelines," but did not attempt to prove "that he did not actually commit the crime of carrying a concealed weapon."   657 F.3d at 1199.

In light of its holding on procedural default, the court of appeals concluded that "reasonable jurists could not find debatable the district court's resolution" of petitioner's ACCA claim.   Pet. App. B6.

d.   On April 18, 2016, this Court held in Welch v. United States, No. 15-6418, slip op., that Johnson announced a new substantive rule that has retroactive effect in cases on collateral review.   Id. at 15.

DISCUSSION

Petitioner contends (Pet. 8-12) that, in light of the Court's holding in Johnson v. United States, 135 S. Ct. 2551,

2557 (2015), that the residual clause is unconstitutionally vague, he is "actually innocent of the Armed Career Criminal Act violation" and is thus currently "serving a prison sentence beyond the otherwise applicable statutory maximum." Pet. 11-12. Although petitioner procedurally defaulted his vagueness challenge to the ACCA's residual clause by failing to raise it on direct appeal, and although the government asserted the defense of procedural default in response to petitioner's Section 2255 motion in January 2013, the legal landscape has changed drastically since then. On June 26, 2015, this Court held that the ACCA's residual clause is unconstitutionally vague, Johnson, 135 S. Ct. at 2557, and on April 18, 2016, the Court held that the new rule announced in Johnson is a substantive rule that has retroactive effect in cases on collateral review, Welch v. United States, No. 15-6418, slip op. 15. The United States did not invoke procedural default as a basis for denying a COA in the court of appeals, nor does the government seek to raise such an argument at this stage of the proceedings. Rather, as in Welch, the government expressly waives that affirmative defense.

The court of appeals upheld petitioner's ACCA sentence under the residual clause. 440 Fed. Appx. 857, 859 (per curiam). Accordingly, unless the court of appeals concludes that petitioner's prior conviction for resisting an officer with

9

violence satisfies the ACCA's elements clause -- a question it left open after this Court remanded petitioner's case for further consideration in light of (Curtis) Johnson v. United States, 559 U.S. 133 (2010) -- petitioner is under a sentence of imprisonment that exceeds the statutory maximum term authorized for his offense. Petitioner can therefore make a substantial showing of the denial of a constitutional right. And the government is, in light of Johnson and Welch, expressly waiving the affirmative defense of procedural default. This Court should grant the petition for a writ of certiorari, vacate the judgment below, and remand this case for further proceedings in light of the government's position and in light of Welch.

1. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

10

11

2. Petitioner can satisfy both of those showings.

a. The district court denied petitioner's claim that the ACCA's residual clause was unconstitutionally vague on procedural grounds, concluding that petitioner did not raise the claim on direct appeal and had failed to show cause for that default and prejudice from the asserted error. Pet. App. D3–D5. Although the government asserted procedural default as a defense to petitioner's vagueness claim when it responded to his Section 2255 motion in January 2013, this Court subsequently agreed to decide whether the ACCA's residual clause was unconstitutionally vague and held that it was. See Johnson, 135 S. Ct. at 939; 135 S. Ct. at 2557. The court of appeals denied a COA shortly after Johnson was decided without requesting a response from the government. The government therefore did not invoke procedural default as a basis for denying a COA in the court of appeals, and the government does not seek to assert procedural default at this stage of the proceedings.

The United States now expressly waives any procedural default defense against petitioner on his Johnson claim. This Court should accept that waiver, and the court of appeals should reconsider whether to grant a COA in light of the government's position on procedural default. See Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) (court may not "bypass, override, or excuse" the government's "deliberate waiver of a · · · defense" in a

12

habeas case; finding waiver of statute of limitations defense); Bryant v. Warden, 738 F.3d 1253, 1261 (11th Cir. 2013) (same as to procedural default).

Accepting the government's waiver is particularly appropriate because federal courts do not have the authority to impose a sentence without legislative authorization, and thus an error resulting in a sentence that exceeds the statutory maximum validly authorized by Congress for an offense implicates separation-of-powers concerns. See Welch, slip op. 13-14 ("[A] court · · · is prohibited from imposing criminal punishment beyond what Congress in fact has enacted by a valid law."). Johnson and Welch have now made those concerns overcome any prudential interests ordinarily furthered by procedural default principles.

b. Petitioner has also made a "substantial showing" that his sentence reflects the "denial of a constitutional right." Slack, 529 U.S. at 483-484. To the extent that petitioner's ACCA sentence rests on the residual clause -- the basis on which the court of appeals upheld it -- it violates due process under Johnson. And as discussed above, a sentence imposed beyond the statutory maximum validly authorized by Congress implicates constitutional separation-of-powers concerns.

13

The court of appeals now will need to decide the question it left open on remand after (Curtis) Johnson -- whether petitioner's prior conviction for resisting an officer with violence is a violent felony under the ACCA's elements clause. But that is a question to be addressed after granting a COA. See Welch, slip op. 15 (noting that "the parties continue to dispute whether Welch's strong-arm robbery conviction qualifies as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15-year sentence regardless of Johnson," but that "[o]n the present record" and "in light of Johnson," holding that Johnson is retroactive in cases on collateral review, reasonable jurists could at least debate whether Welch is entitled to relief").

14

CONCLUSION

The petition for a writ of certiorari should be granted, the judgment below vacated, and this case remanded for further consideration in light of the government's position and in light of Welch v. United States, No. 15-6418.

Respectfully submitted.

DONALD B. VERRILLI, JR.
    Solicitor General

LESLIE R. CALDWELL
    Assistant Attorney General

DAVID B. GOODHAND
    Attorney

MAY 2016

No. 15-7915

IN THE SUPREME COURT OF THE UNITED STATES

ANTHONY GRANT JACKSON, PETITIONER

v.

UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

It is hereby certified that all parties required to be served have been served with copies of the **BRIEF FOR THE UNITED STATES**, by first-class mail, postage prepaid, this 2nd day of May, 2016.

**[See Attached Service List]**

Donald B. Verrilli, Jr.
Solicitor General
Counsel of Record
Department of Justice
Washington, D.C. 20530-0001
(202) 514-2217

May 2, 2016

Due to the continuing delay in receiving incoming mail at the Department of Justice, in addition to mailing your brief via first-class mail, we would appreciate a fax or email copy of your brief. If that is acceptable to you, please fax your brief to Charlene Goodwin, Supervisor, Case Management Specialist, Office of the Solicitor General, at (202) 514-8844, or email at SupremeCtBriefs@USDOJ.gov. Ms. Goodwin's phone number is (202) 514-2217 or 2218. Thank you for your consideration of this request.

Opinion in
the Donald Duhart
18 U.S.C. §924 (c)
case in the Southern District
of Florida

TRULINCS 48883019 - AMODEO, FRANK T - Unit: COL-B-C

--------------------------------------------------------------------------------

FROM: Davis, Christie
TO: 48883019
SUBJECT: Duhart pt 1
DATE: 09/14/2016 05:51:05 PM

DONALD DUHART,
Movant v.
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61499-CIV-MARRA (Criminal Case No. 08-60309-CR-MARRA)
UNITED STATES OF AMERICA,
Respondent. _____/
OPINION AND FINAL ORDER
GRANTING MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
This matter is before the Court upon Movant Donald Duhart s Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 (DE 1;
CR-DE 263).1 For the reasons that follow, the motion is granted.
I. Background and Procedural History
On March 19, 2009, Duhart entered a guilty plea to charges of conspiracy to commit a Hobbs Act robbery in violation of 18
U.S.C. § 1951(a) (Count 1 of the indictment) and using and carrying a firearm during and in relation to a "crime of violence" in
violation of 18 U.S.C. § 924(c) (Count 3 of the indictment). (CR-DE 57; CR-DE 58.) On June 8, 2009, the Court sentenced
Duhart to 87 months imprisonment as to Count 1 and 60 months imprisonment as to Count 3, with the terms to run
consecutively for a total of 147 months imprisonment. (CR-DE 87; CR-DE 88.) The Court also sentenced Duhart to a 3-year
term of supervised release after imprisonment on Count 1 and a five- year term of supervised release on Count 3, with the
terms to run concurrently. (CR-DE 87; CR-DE
1 Citations to "CR-DE" refer to entries on the criminal docket in Case No. 08-60309-CR-MARRA. Citations to "DE" refer to
entries on the civil docket in Case No. 16-61499-CIV-MARRA.
   88.)
On June 10, 2009, Duhart filed a notice of appeal (CR-DE 89) and on December 3, 2010, the
United States Court of Appeals for the Eleventh Circuit issued its mandate affirming Duhart s sentence and conviction. (CR-DE
249.) In doing so, the Eleventh Circuit granted Duhart s counsel s motion to withdraw, which was accompanied by a brief
pursuant to Anders v. California, 386 U.S. 738 (1967). The Eleventh Circuit stated that its "independent examination of the
entire record reveals no arguable issues of merit."(CR-DE 249 at 4.) The United States Supreme Court subsequently denied
certiorari. (CR-DE 248.)
Duhart filed his first petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 on October 28, 2011. (DE 1 in Case No. 11-
cv-62319-KAM.) Adopting the Magistrate Judge s recommendation, this Court denied the motion. (DE 14 in Case No. 11-cv-
62319-KAM.) The Eleventh Circuit affirmed, and the Supreme Court denied certiorari. (DE 24; DE 26 in Case No. 11- cv-62319-
KAM.) Neither in Duhart s direct appeal, nor in his initial § 2255 petition, did Duhart argue that the residual clause in the
definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Of course, had he done so, binding
precedent at the time would have compelled rejection of his argument. James v. United States, 550 U.S. 192, 211 n.6 (2007),
overruled by Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).
On June 24, 2016, Duhart filed his second petition pursuant to § 2255, asserting that he is actually innocent of his conviction for
using and carrying a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) based on the
Supreme Court s recent decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (June 26, 2015). (DE 1; CR-DE
263.) On August 3, 3016, the Eleventh Circuit granted Duhart s application to authorize this Court to consider
his second § 2255 petition, finding that Duhart made a prima facie showing that his petition contained a claim involving a new
rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously
unavailable.2 (DE 9.) Pursuant to this Court s order to show cause, the Government filed a response opposing Duhart s § 2255
petition on August 12, 2016. (DE 11.) Duhart replied on August 18, 2016 (DE 12.), and the petition is now ripe for review.
II. Legal Standard
Section 2255 authorizes a prisoner to move a court to vacate, set aside, or correct his sentence where "the sentence was
imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such
sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28
U.S.C. § 2255(a). For the district court to grant relief in a § 2255 action raising the vagueness of the residual clause as the
basis for relief, the movant must show that he was convicted or sentenced using the residual clause and that the use of that
clause made a difference in the sentence or conviction. See In re Moore, No. 16-13993-J, 2016 WL 4010433, at *4 (11th Cir.
July 27, 2016) (per curiam).3
2 For the reasons stated in the Eleventh Circuit s decision, the district court agrees with the Eleventh Circuit s determination
that Duhart has made a prima facie showing that his application satisfies § 2255(h)(2). See In re Moss, 703 F.3d 1301, 1303
(11th Cir. 2013) (noting that district court must decide the § 2255(h) issue de novo).
3 Although Moore only speaks of the sentence, that is because Moore involved the Armed Career Criminal Act s residual

--------------------------------------------------------------------------------------------------------------

clause. Here, § 924(c) s residual clause is at issue and thus it affects the conviction and the sentence.
III. Discussion A. Overview of the ACCA, Johnson, and § 924(c)
Under the Armed Career Criminal Act of 1984 ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).
Relevantly, the last 15 words of this definition is known as the residual clause. The portion of the definition preceding the residual clause, which lists specific offenses, is called the enumerated crimes clause, and first subsection of the definition immediately preceding both the residual and enumerated crimes clauses is called the elements clause. In Johnson, the Supreme Court overruled its prior precedent and held that the residual clause of the ACCA s definition of "violent felony," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2557, 2563. Less than a year later, in Welch v. United States, the Supreme Court held that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." 136 S. Ct. 1257, 1268 (2016).
Duhart was not sentenced under the ACCA, but rather was convicted of a violation of 18 U.S.C. § 924(c). Section 924(c)(1)(A) provides a five-year mandatory minimum sentence4 for any person who "during and in relation to any crime of violence or drug trafficking crime . . . for which
4 The mandatory minimum sentence is increased if other facts are present, such as if the firearm is discharged or if the firearm is a certain type of firearm. See generally 18 U.S.C. § 924(c)(1)(A) (C).
the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Such sentence shall be "in addition to the punishment provided for such crime of violence or drug trafficking crime" and may not run concurrently with "any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(A), (D)(ii).
Though not identical, the definition of "crime of violence" in § 924(c) is substantially similar to the definition of "violent felony" under the ACCA. Under § 924(c), a "crime of violence" is a felony that:
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 924(c)(3). As with the ACCA, the first prong of this definition is referred to as the elements clause and the second prong is referred to as the residual clause. Unlike the ACCA, § 924(c) s definition of "crime of violence" does not include a list of enumerated crimes before reaching the residual clause. While the construction of the residual clause in § 924(c)(3)(B) is not identical to that in § 924(e)(2)(B)(ii), both residual clauses include language that requires a court to consider the "ordinary case" of the offense and then assess the associated "risk" posed by the "judicially imagined ordinary case." Johnson, 135 S. Ct. at 2557-58. Based on the similarity between residual clauses in § 924(c)(3)(B) and § 924(e)(2)(B)(ii), Duhart contends that § 924 (c) s residual clause is unconstitutionally vague for the same reasons the Supreme Court found § 924(e)(2)(B)(ii) to be unconstitutionally vague in Johnson, rendering him "actually innocent" of his § 924(c) conviction.
B. Procedural Default
The Government contends that the Court should not reach the merits of Duhart s § 2255 petition because Duhart waived the argument that § 924(c) s residual clause is unconstitutionally vague by not raising it in his direct appeal. According to the Government, this procedural default bars Duhart from seeking the present relief, regardless of whether Duhart was convicted under an unconstitutionally vague statute. Thus, according to the Government, Duhart must remain imprisoned solely because he did not raise an argument on appeal that was foreclosed by Supreme Court precedent at the time and would have been deemed frivolous.5 Under this view, Duhart and a multitude of similarly situated defendants serving sentences under the residual clauses of the ACCA or § 924(c)) must remain confined because each failed to raise a frivolous argument on appeal in order to preserve a potential future challenge to a sentence in the event that the Supreme Court overruled its precedent.6 The Court rejects the Government s position.
"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (per curiam). Importantly, there are two exceptions to this rule. "Under the first exception, a
5 In granting Duhart s counsel s motion to withdraw based on her Anders brief on Duhart s direct appeal, the Eleventh Circuit necessarily found that Duhart did not have any nonfrivolous arguments available to him at the time.
6 The Court notes that in other § 2255 cases raising Johnson as the ground for relief, the Government has expressly chosen to "waive" the procedural default defense. See, e.g., United States  Response in Support of Petitioner s Motion to Vacate Sentence at 3, Johnson v. United States, Case No. 16- 80775-cv-MARRA (S.D. Fla. June 30, 2016) (ECF No. 8) ("[T]he United States has made a considered decision not to raise a procedural default defense in this case.") (different Johnson). It is unclear to the Court why the Government would not take a consistent position on this issue.

TRULINCS 48883019 - AMODEO, FRANK T - Unit: COL-B-C

-----------------------------------------------------------------------------------------------------

FROM: Davis, Christie
TO: 48883019
SUBJECT: Duhart pt 2
DATE: 09/14/2016 05:51:05 PM

defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (emphasis omitted). The second exception applies where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (citations omitted). Both exceptions apply here.

The first exception to the procedural default rule where a defendant shows cause for not raising the claim and actual prejudice from the alleged error protects litigants, such as Duhart, who did not predict that six years after his direct appeal the Supreme Court would overrule settled precedent in two cases and hold the ACCA s residual clause void for vagueness. Cause for not raising a claim can be shown where the claim "is so novel that its legal basis [wa]s not reasonably available to counsel." Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984). Where the Supreme Court explicitly overrules well-settled precedent and gives retroactive application to that new rule after a litigant s direct appeal, "[b]y definition" a claim based on that new rule cannot be said to have been reasonably available to counsel at the time of the direct appeal.7 Reed, 468 U.S. at 17. That is precisely the circumstance here. Johnson overruled precedent, announced a new rule, and the Supreme Court gave retroactive application to that new rule. The actual prejudice that would result from finding a procedural default here is obvious if Duhart is correct that Johnson applies to § 924(c) s residual clause, then he should not have been convicted and sentenced for a violation under § 924(c). Accordingly, the procedural default rule is inapplicable

7 The Court also rejects the Government s argument that despite binding Supreme Court precedent to the contrary at the time of his appeal the claim that the residual clause is unconstitutionally vague was not novel because the Supreme Court had "wrestled with the parameters of ACCA s residual clause" and therefore the vagueness argument was somehow available. (DE 11 at 5.) The Government s argument squarely contradicts Reed. Again, the Court highlights that even the Eleventh Circuit held that Duhart had no nonfrivolous arguments available to him on his direct appeal.

to Duhart s claim.

The second exception, for "actual innocence," also applies to Duhart s claim and bars

procedural default. As discussed infra, Duhart is actually innocent of his § 924(c) conviction because it was based on the application of § 924(c) s residual clause, which the Court concludes in Part C is unconstitutionally vague under Johnson. This is factual innocence rather than mere legal innocence, as Duhart s § 924(c) conviction relies on the fact that he was convicted of a predicate "crime of violence" when he actually was not.8

C. Johnson s Applicability to § 924(c) s Residual Clause

The interaction between Johnson and the § 924(c) residual clause is an unresolved question in the Eleventh Circuit. The Eleventh Circuit has granted a certificate of appealability to a movant seeking to challenge a conviction under § 924(c) but left open the legal question of whether or how Johnson affects a § 924(c) conviction for resolution in the district court, noting that the "law is unsettled." See In re Pinder, 824 F. 3d 977, 979 (11th Cir. June 1, 2016) (per curiam). As such, this Court is faced with deciding whether a "new rule of constitutional law" is applicable to invalidate Duhart s conviction under the § 924(c) residual clause. Id.

In Johnson, the Supreme Court held the residual clause of the ACCA s definition of a "violent felony," § 924(e)(2)(B)(ii), void for vagueness in violation of the Due Process Clause of the Constitution. The Supreme Court explained that the ACCA requires a court to use the "categorical approach" to determine whether a crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2557. "Under the categorical approach, a court

8 As discussed infra, conspiracy to commit a Hobbs Act robbery does not qualify under the elements clause of § 924(c) s definition of "crime of violence."

8

assesses whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion. " Id. (citation omitted). Therefore, a court is required "to picture the kind of conduct that the crime involves in the ordinary case, and to judge whether that abstraction presents a serious potential risk of physical injury" to determine whether a crime was a "violent felony." Id. This task went "beyond deciding whether creation of risk is an element of the crime. . . because, unlike the part of the definition of a violent felony that asks whether the crime has as an element the use . . . of physical force, the residual clause asks whether the crime involves conduct that presents too much risk of physical injury." Id.

Following this reasoning, the Supreme Court held the residual clause was unconstitutionally vague on two grounds. First, tying "the judicial assessment of risk to a judicially imagined ordinary case of a crime, not to real-world facts or statutory elements," "leaves grave uncertainty about how to estimate the risk posed by a crime." Id. That is, there was "no reliable way" for a court "to choose between these competing accounts" of what the "ordinary case" of a particular crime entailed. Id. at 2258. Second, the residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. As the Supreme Court explained, "[i]t is one thing to apply an imprecise serious potential risk standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Id. From this, the Supreme Court held that "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent

----------------------------------------------------------------------------------------------------

felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Id.
With the constitutional infirmities raised in Johnson in mind, the Court turns to § 924(c)(3)(B). Though slightly different in their
language, both § 924(e)(2)(B)(ii) and § 924(c)(3)(B) operate as a means by which a court is charged with determining whether
the relevant risk associated with the "ordinary" manifestation of an offense is sufficiently "serious" or "substantial" to find that a
"crime of violence" or "violent felony" occurred. The statute before us, § 924(c)(3)(B), defines a "crime of violence" using a
residual clause which focuses on "substantial risk that physical force against the person or property of another may be used in
the course of committing the offense." The statute at issue in Johnson, § 924(e)(2)(B)(ii), uses both enumerated offenses and
consideration of whether an offense "involves conduct that presents a serious potential risk of physical injury to another" to
define "violent felony." These minor differences in structure and language do not alter the similar operation of § 924(c) s
residual clause as compared to that of the ACCA s residual clause.9 Accordingly, § 924(c)(3)(B) is unconstitutionally vague for
the same reasons articulated in Johnson.
Like the ACCA s residual clause, § 924(c) s residual clause "ties the judicial assessment of risk to a judicially imagined  ordinary
case  of a crime, not to real-world facts or statutory elements." Id. at 2257. This "ordinary case" analysis is mandated by the text
of § 924(c) s residual clause, which requires a court to determine whether the particular offense "by its nature" involves a
particular level of risk. 18 U.S.C. § 924(c)(3)(B). Identical to the application of the ACCA s residual clause, under § 924(c) s
residual clause a court must similarly speculate as to what the "ordinary case" of a particular offense entails.
Further, like the ACCA s residual clause, § 924(c) s residual clause "leaves uncertainty about
9 The Eleventh Circuit has noted both that the language of § 924(c) and § 924(e) are "very similar" and that both statutes
operate as penal statutes, "requir[ing] higher sentences once a court decides that an offense is a  crime of violence. " In re
Pinder, 824 F.3d at 978.
how much risk it takes for a crime to qualify as a violent felony." Johnson, 135 S. Ct. at 2558. The ACCA s residual clause uses
the phrase "serious potential risk" and § 924(c) uses the phrase "substantial risk" combined later in the definition with the
phrase "may be used." These differences are insignificant, though, as both phrases amount to the same imprecise standard.
See United States v. Keelan, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (noting that the residual clause of 18 U.S.C. § 16(b), which
is identical to § 924(c) s residual clause, is "analogous" to the ACCA s residual clause). More importantly, here, both standards
are applied to "a judge-imagined abstraction" rather than "real-world facts," which was key to Johnson s reasoning. Johnson,
135 S. Ct. at 2558. In short, § 924(c) s residual clause combines "indeterminacy about how to measure the risk posed by a
crime with indeterminacy about how much risk it takes for the crime to qualify as a [crime of violence]" and thus like the ACCA s
residual clause it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Id.
The Court rejects the Government s arguments to the contrary. The Government contends that the residual clause of § 924(c)
(3)(B) is not void for vagueness, emphasizing the differences between it and the residual clause of § 924(e)(2)(B)(ii) that was
found void for vagueness in Johnson. As discussed supra, however, these distinctions are to no avail. Whatever differences in
language, the operation of the residual clause in § 924(c)(3)(B) is no different than that found too vague to provide adequate
due process in Johnson. Though the temporal scope of § 924(c)(3)(B) is comparatively narrower, limited to the "risk of physical
force" that "may be used in course of committing the offense" rather than the broader "risk of physical injury to another"
considered under § 924(e)(2)(B)(ii), this narrow distinction does not make otherwise vague language clear. The residual clause
of § 924(c)(3)(B), like that of § 924(e)(2)(B)(ii), still requires a court to assess the nature of so-called "ordinary" conduct and
assess the level of risk associated therewith, giving penal authority to conduct that may well be nothing short of the judicial
imagination. The vagueness accompanying that analysis is well-beyond the Due Process required under the Constitution and is
accordingly void.
D. Whether Duhart s Conviction and Sentence Relied on the Unconstitutional Residual Clause
It is clear that Duhart s conviction and sentence under § 924(c) relied on the residual clause portion of § 924(c) s definition of
"crime of violence." The Court agrees with Duhart s argument that conspiracy to commit Hobbs Act robbery is not a crime of
violence under the elements clause of § 924 s definition of "crime of violence," and only qualified for an enhanced sentence
under § 924(c)(3)(B).
In response, the Government argues that Duhart failed to meet his burden of proof that his sentence was under the residual
clause of § 924(c)(3)(B). Describing the Eleventh Circuit s precedent relating to Johnson challenges, the Government notes the
two-part analysis of legal and factual considerations guiding this Court s de novo review under § 2255(h), emphasizing that the
factual analysis "requires the Court to decide whether a prisoner s ACCA-enhanced sentence in fact depended on the residual
clause voided by Johnson ...." (DE 11, p. 14.) Applying this standard, the Government argues that the record and relevant
precedent do not show that the sentencing court relied on the residual clause of § 924(c)(3)(B) and, as such, Duhart has failed
to meet his burden of proof. See Moore, 2016 WL 4010433 at *3-*4.
The Government s burden of proof argument is resolved, however, not by the improper expedition into the movant s conduct
but instead by considering the predicate offense under the categorical approach as a question of law. See United States v.
McGuire, 706 F.3d 1333, 1336-37

TRULINCS 48883019 - AMODEO, FRANK T - Unit: COL-B-C

--------------------------------------------------------------------------------

FROM: Davis, Christie
TO: 48883019
SUBJECT: Duhart pt 3 of 3
DATE: 09/14/2016 05:51:05 PM

(11th Cir. 2013). Duhart s conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), the predicate offense on which his violation of 18 U.S.C. § 924(c) is based, cannot be a "crime of violence" under the elements clause of § 924(c). "To convict on a Hobbs Act conspiracy, the government must show that (1) two or more people agreed to commit a Hobbs Act robbery; (2) that the defendant knew of the conspiratorial goal, and (3) that the defendant voluntarily participated in furthering that goal." United States v. Ransfer, 749 F.3d 914, 929 (11th Cir. 2014). In these elements, there is neither a requirement that the defendant engage in an overt act in furtherance of the conspiracy, United States v. Pistone, 177 F.3d 957, 959-60 (11th Cir. 1999), nor that a defendant was "even capable of committing" the underlying offense. Ocasio v. United States, 136 S. Ct. 1423, 1432 (2016). Applying the categorical approach, then, a conviction for conspiracy to commit a Hobbs Act robbery in violation of § 1951(a) does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."18 U.S.C. § 924(c)(3)(A) (describing the elements of a felony offense that constitute a "crime of violence"). Duhart s § 924(c) conviction thus could only have qualified under the unconstitutionally vague residual clause of § 924(c)(3)(B).

IV. Conclusion
Accordingly, it is hereby ORDERED AND ADJUDGED that Movant s petition (DE 1; CR-DE 263) is GRANTED. Movant s conviction and sentence as to Count 3 of the indictment are VACATED. The Court directs the parties to arrange a telephonic status conference on Monday, September 12, 2016 to discuss the parties respective positions as to how the Court
should proceed in view of this ruling.
The Clerk shall close this case.
DONE and ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this 9th day of September, 2016.

_____  KENNETH A. MARRA
United States District Judge

Alexru...
Federal Correction Complex
(low)
P.O. Box 1031
Coleman, Fla. 33521-1031
Reg # 85574-083
Unit B3

Clerk of Court
United States District Court
600 Granby Street Room1
Norfolk, Va. 23510-1915

